Epimenio **GARCIA–VARGAS**, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**Nos. 05–73355, 06–71584.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 13, 2007.

Epimenio Garcia–Vargas, Perris, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Regina Byrd, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

In these consolidated petitions for review, Epimenio Garcia–Vargas seeks re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view of the Board of Immigration Appeals' ("BIA") order affirming an immigration judge's order denying his application for cancellation of removal and the BIA's order denying his motion to reopen due to ineffective assistance of counsel. We review for abuse of discretion the denial of a motion to reopen. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003); *see also Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 382 (9th Cir.2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same."). We dismiss in part and deny in part the petitions for review in No. 05–73355. We deny the petition for review in No. 06–71584.

We lack jurisdiction to review the agency's discretionary determination that Garcia–Vargas failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003).

Garcia–Vargas' contention that the agency misapplied the law and disregarded the evidence of hardship is not supported by the record and does not amount to a colorable due process claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

The BIA did not abuse its discretion in denying Garcia–Vargas' motion to remand because he failed to demonstrate that the evidence he submitted was previously unavailable. *See Bhasin v. Gonzales,* 423 F.3d 977, 984 (9th Cir.2005).

The BIA did not abuse its discretion in denying Garcia–Vargas' motion to reopen as untimely because it was filed more than

eight months after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of final order of removal), and Garcia–Vargas did not demonstrate that he was entitled to equitable tolling, *see Iturribarria,* 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence.").

Garcia–Vargas' remaining contentions are without merit.

**No. 05–73355: PETITION FOR REVIEW DISMISSED in part and DENIED in part.**

**No. 06–71584: PETITION FOR REVIEW DENIED.**